

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 2, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>United States v. Hamza Hamideh</u>
            <u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for December 11, 2013. For the reasons set forth below, the government respectfully requests that the Court sentence the defendant within the advisory Sentencing Guidelines range of 6 to 12 months' imprisonment.

I.      <u>Background</u>

      In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe. <u>See</u> (Presentence Report ("PSR") ¶¶ 6-9).

      The defendant Hamza Hamideh was a retail-level marijuana distributor who purchased quantities of marijuana from co-defendant Gjevelin Berisha and his distribution group, which the defendant then sold to his own customers. The defendant also attempted to establish a local marijuana grow house in the Bronx, New York with co-defendants Giovanni Difuccia and Arvy Ebrahime, but the plan did not come to fruition. (PSR ¶ 51).

      On May 23, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the

defendant with a conspiracy to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(D).  (PSR ¶ 1).

II.  Discussion

   A.   Legal Standard

   The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

   B.   The Advisory Guidelines Range Is 6 to 12 Months

   The Probation Department has determined that the adjusted offense level is 8, the defendant is in Criminal History Category IV, and the advisory Guidelines sentencing range is 10 to 16 months.  (PSR ¶¶ 117-36, 168).  The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0, resulting in an adjusted

offense level of 6, and an advisory Guidelines sentencing range of 6 to 12 months.[1]

    C.   A Sentence Within the Guidelines Range Is Appropriate in This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case. A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). While the defendant's conduct in the conspiracy was minor in comparison to most of his co-defendants, it was nonetheless a serious crime. Moreover, this is not his first offense. Indeed, the defendant is in criminal history category IV based on a series of prior arrests and convictions, including: conspiracy to commit credit card fraud, possession of stolen property, petit larceny, driving while intoxicated and, most disturbingly, conspiracy to possess a machine gun without a serial number. As discussed in the PSR, the defendant and his cousin sought to obtain a fully automatic and completely untraceable assault weapon in order to deal with an unspecified "problem" that the defendant had. After the initial purchase of a machine gun with no serial number, the defendant and his cousin stated that they were interested in purchasing additional untraceable weapons with silencers, ammunition, magazines and hand grenades. (PSR ¶ 129). Thus, a sentence within the advisory Guidelines range is necessary to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a serious term of imprisonment in this case. In this case, specific deterrence is of particular concern given the fact that the defendant has

---

[1] The PSR incorrectly calculates the advisory Guidelines range including this global reduction because it mistakenly uses a criminal history category of III instead of IV. (PSR ¶ 183).

repeatedly violated the law, served prison time on more than one occasion, and yet continues to commit new crimes. A sentence within the advisory Guidelines range is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

III. Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 6 to 12 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: /s/
Steven L. Tiscione
Gina M. Parlovecchio
Assistant U.S. Attorney
(718) 254-6317/6228

cc: Patricia Sullivan, U.S. Probation Officer (by E-mail)
 Samuel Gregory, Esq. (by ECF)
 Clerk of Court (DLI) (by ECF)